UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          No. 1:20-cr-24

vs.                                   Hon. PAUL L. MALONEY
                                             United States District Judge

MUSTAFA DEVILLE REYNOLDS,
    also known as "J,"

        Defendant.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE UNDER RULE 16**

The defendant moves to exclude the government's proposed expert testimony on historical cell site location information evidence because he argues that the government failed to turn over maps of additional data in a timely manner. (R.95: Def.'s Mot., PageID.641.) The government opposes this motion because it provided the relevant underlying data to defense counsel in February 2020 when this case was originally indicted; neither exclusion of the testimony nor a further continuance is necessary. The Court should deny the motion.

**I.    Background**

At trial, the government intends to call Grand Rapids Police Department Detective Thomas Heikkila, who will testify regarding historical cell phone location information analysis. The government provided a copy of his trial exhibits on April 28, 2021 and notice of its intent to call him as an expert witness along with his curriculum vitae on May 2, 2021. The government previously produced the

underlying data from the wireless service providers that Detective Heikkila analyzed to create his trial exhibits in February 2020 shortly after the grand jury returned the original indictment in this case.

Detective Heikkila mapped this underlying data using Trax software and Google Earth. After mapping all of the data from all devices and service providers pertinent to this case, he prepared trial exhibits regarding only the relevant data which will be the basis for his testimony, i.e., a summary of the data about which he will testify. The software mapped all the data Detective Heikkila received, including location information from months before the relevant conduct. Detective Heikkila prepared trial exhibits that included only the data he deemed relevant to his conclusions and testimony. Nevertheless, defense counsel has been in possession of all the underlying data from early on in this case and had the ability to map, through its own experts, anything it thought relevant.

The defendant seeks to exclude Detective Heikkila's testimony on the grounds that he was not provided with the maps of all the underlying data that the Trax software produced until recently. (R.95: Def.'s Mot., PageID.641.)[1] Contrary to the

---

[1] The defendant also sought disclosure of all "analytical reports" generated by Trax. A Trax user can create analytical reports of the underlying data. Those reports are, in essence, a way to filter, sort, or otherwise organize that underlying data that defense counsel has had since February 2020. Defense counsel, or their retained expert, could have performed any of those same functions on the underlying data using Excel or other similar software. Because the government has already disclosed the summary of Det. Heikkila's testimony, there is nothing else to disclose under Rule 16. Regardless, the government understands that defense counsel has access to the Trax software, which would allow them to run these analytical reports on the underlying data they have had for over a year. Accordingly, this request is moot.

defendant's claim, the government has complied with requirements of Federal Rule of Criminal Procedure 16. The government produced the maps relevant to Detective Heikkila's testimony; the additional maps are irrelevant to the issues on the case. In any event, the defendant has had the actual data on which the maps are based for over a year. The United States respectfully submits that this Court should exercise its broad discretion to allow the testimony without further delay.

**II.     Legal Standard**

Rule 16 provides, in relevant part, as follows:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.... The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Fed. R. Crim P. 16(a)(1)(G). The Advisory Committee Note goes on to provide that "to permit more complete pretrial preparation by the requesting party," that party "is entitled to a summary of the expected testimony." Fed R. Crim. P. Rule 16 Advisory Committee Notes. "For example, this should inform the requesting party whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." *Id*. The government has complied with Rule 16; it has provided Government's Exhibit 25 (video and screenshots of the video from the Trax mapping software showing the location of relevant parties at given times) that will form the summary of the witness's testimony, the underlying data from devices and service providers that was the foundation for the exhibits and Detective Heikkila's testimony, and information about the witness's qualifications.

3

A. **The government has complied with Rule 16.**

The additional information, recently provided at the defendant's request, is not part of Detective Heikkila's conclusions or testimony about the cell site location information (and other location data); it is additional data that he omitted from the summary exhibits he prepared for trial because he found it to be extraneous or irrelevant. It will not be the subject of his testimony.

Although defense counsel is correct that the software used produced "approximately 50,000 maps" (R.95: Def.'s Br. at PageID.650), these are not the basis for Detective Heikkila's anticipated trial testimony. The maps previously provided to defense counsel (e.g., as contained in Government's Exhibit 25) are the basis for the testimony, because those are the maps that are relevant to this case. The additional, recently provided maps reflect months of location data that are not relevant to the issues in this case.

In *United States v. White,* 492 F.3d 380 (6th Cir. 2007), the government called financial experts in a trial alleging a scheme to defraud Medicare. The Sixth Circuit held the disclosure of the experts' qualifications was insufficient. "The government's Rule 16 disclosure included only a vague avowal of experience concerning cost report issues and Medicare audits, along with the witnesses' titles, employers, and contact information. . . . The disclosure made no attempt to quantify the witnesses' experience, nor to attach so much as a resume." *Id.* at 406. "[I]t left Defendants no better prepared to challenge the witnesses' qualifications at trial." *Id.* at 407. And the summary of their expected testimony was lacking; it "essentially listed 'general

subject matters to be covered, but did not identify what opinion the expert would offer on those subjects.'" *Id.* *White* is in contrast to this case, where the government provided a CV for its expert, and a basis for his testimony, i.e. general conclusions about where relevant parties were located at pertinent times as reflected in maps showing historical cell phone location data, which the defendant has had since the beginning of this case. The expert disclosure requirement serves "to minimize surprise that often results from unexpected expert testimony ... and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." *Id.* The defendant has been provided with all the materials he needs to test the merits of Detective Heikkila's testimony.

The situation here is like that of *United States v. Glover,* 846 F.2d 339 (6th Cir. 1988), where the government called an expert to compare defendant's fingerprints and handwriting to prints and writing on a relevant letter. There, the government did not turn over the handwriting exemplar obtained from the defendant or his fingerprint card. The defendant complained that this "limited his ability to impeach the expert by having his own expert compare the letter and exemplar." *Id.* at 342. The court rejected this argument as "specious considering the fact that the letters and envelope were provided to [defendant] through discovery, and he obviously could have produced his own handwriting and fingerprint exemplars [ . . . and] therefore, could easily have had his own expert analyze the letters." *Id.* So too here. The government provided all the underlying data shortly after the original indictment was returned, and the defendant could have had his expert map anything he thought

5

was relevant. The government produced the maps that its witness created because they were pertinent to its witness's testimony and the government's theory of the case.

### B. Even if the government did not comply with Rule 16, exclusion is not the remedy.

"Rule 16 does not *require* federal courts to exclude evidence not turned over to the discovering party in violation of a discovery order." *United States v. Bartle*, 835 F.2d 646, 649 (6th Cir. 1987) (emphasis in original).

> Appellate decisions in this and other circuits have identified several factors which should be considered in deciding whether suppression of evidence is an appropriate remedy to be imposed for a discovery violation. These include: (1) the reasons for the government's delay in producing the materials, including whether it acted intentionally or in bad faith; (2) the degree of prejudice, if any, to the defendant; and (3) whether the prejudice to the defendant can be cured with a less severe course of action, such as granting a continuance or a recess.

*United States v. Maples,* 60 F.3d 244, 246 (6th Cir. 1995) (collecting cases). "Many courts have adopted the position of favoring imposition of the least severe remedy available to cure prejudice." *Id.* (collecting cases).

The government did not delay producing materials. The call data records and service provider records were provided to defense counsel in February 2020—well over a year ago. Detective Heikkila finalized the trial exhibits that were the basis for his testimony (provided to defense counsel in April 2021) by culling relevant maps from all the data he had, which were provided to defense counsel in February 2020. The government produced Detective Heikkila's curriculum vitae outlining his training and experience in May 2021. Therefore, the government provided the summary of the witness's testimony (Government's Exhibit 25), the basis for that

6

testimony (the underlying data from cell phones and wireless service providers), and the witness's qualifications.

Regardless, there is no prejudice to the defense; the "approximately 50,000 maps" recently provided to defense counsel are not all pertinent to the issues at trial; for example, the maps cover approximately three months (June, July, and August) of location data for decedent A.M., decedent B.D., witness Dan Errico, and the defendant. "Even if the disclosures were inadequate, [defendant] would still be required to establish that any Rule 16 violation hampered his opportunity to prepare a defense or that the violation substantially influenced the jury." *United States v. Thornton*, 642 F.3d 599, 605 (7th Cir. 2011). The maps recently provided to defense counsel were not included in Detective Heikkila's trial exhibits because they were not relevant to his conclusions; his exhibits and testimony are focused on dates and times relevant to the crimes alleged in the indictment. And the recently provided additional maps are based on underlying data that defense counsel has had, and could have mapped itself, all along.

Finally, even if there was prejudice, exclusion is not the remedy. District courts are to look to the least severe sanction necessary; "suppression of relevant evidence as a remedial device should be limited to circumstances in which it is necessary to serve remedial objectives." *Maples,* 60 F.3d at 247. Such instances include where the government has acted in bad faith and the defendant has been prejudiced in a manner that cannot be cured by granting a continuance. *United States v. Garnier,* 468 F.3d 920, 927 (6th Cir. 2006). Not so, here.

### III.     Conclusion

The government has complied with Rule 16. It has provided a summary of the witness's testimony, all the underlying data that was considered in reaching his conclusions, maps of the data the witness found relevant to his conclusions, and the witness's qualifications. The government respectfully requests that the Court deny the motion for exclusion of evidence or a continuance of the trial date.

                                          Respectfully submitted,

                                          ANDREW BYERLY BIRGE
                                          United States Attorney

Dated: July 22, 2021                      /s/ *Alexis M. Sanford*
                                          ALEXIS M. SANFORD
                                          DANIEL T. McGRAW
                                          Assistant United States Attorneys
                                          P.O. Box 208
                                          Grand Rapids, MI 49501-0208
                                          (616) 456-2404